UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SOSIMO VERA CHAIREZ,<br><br>        Plaintiff,<br><br>        v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security; UR M JADDOU, Director of U.S. Citizenship & Immigration Services ("USCIS"); USCIS; and LAURA ZUCHOWSKI, Director of the Vermont Service Center of USCIS,<br><br>        Defendants. | Case No. 1:22-cv-00291-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss. (Dkt. 17). Defendants request the Court dismiss Plaintiff Sosimo Vera Chairez's Amended Complaint (Dkt. 16) for lack of subject-matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion. (Dkt. 21). For the reasons set forth below, the Court grants the motion.

## I.  BACKGROUND

This case is an action for judicial review of decisions by the United States Customs and Immigration Services denying Vera Chairez's applications for a nonimmigrant U-visa under 8 U.S.C. § 1101(a)(15)(U) and an inadmissibility waiver under 8 U.S.C. § 1182(d)(14). The Amended Complaint alleges Vera Chairez is a native and citizen of Mexico and resides in the United States with his partner and three children, all of whom are U.S. citizens. (Dkt. 16, ¶ 23). Vera Chairez first came to the United States unlawfully with his parents in 1995 when he was nine years old. (*Id.*, ¶¶ 16, 24).

**MEMORANDUM DECISION AND ORDER - 1**

In 2016, Vera Chairez applied for a nonimmigrant U-visa by submitting Form I-918 to the USCIS. (*Id.*, ¶ 26). To be eligible for a visa, including a U-visa, an applicant must be admissible to the United States unless the USCIS issues an inadmissibility waiver to the applicant. *See* 8 U.S.C. §§ 1182(a) and (d)(14); *see also* 8 C.F.R. § 214.14(c)(2)(iv); 8 C.F.R. § 212.17. Because Vera Chairez recognized he was inadmissible under 8 U.S.C. § 1182(a),[1] in conjunction with his U-visa application, he applied for an inadmissibility waiver under 8 U.S.C. § 1182(d)(14) by submitting a Form I-192 with the USCIS. (Dkt. 16).

In 2020, prior to any formal decision on Vera Chairez's application for an inadmissibility waiver, the USCIS denied his U-visa application, concluding he was inadmissible and, therefore, ineligible for a visa. (*Id.* ¶ 28). Vera Chairez filed an administrative appeal of the denial with the agency arguing, among other things, that it was improper for the USCIS to deny his visa application before deciding his application for an inadmissibility waiver. In 2021, while Vera Chairez's administrative appeal was still pending,[2] the USCIS denied Vera Chairez's inadmissibility waiver application.

In July 2022, Vera Chairez initiated this lawsuit, seeking judicial review of the USCIS's 2020 denial of his U-visa application and the 2021 denial of his inadmissibility waiver application. (*Id.*, ¶ 82). In response, the USCIS reopened consideration of both applications, concluding it had been procedurally improper to deny Vera Chairez's U-visa application before resolving the

---

[1]     The Amended Complaint does not specifically allege Vera Chairez is inadmissible, but it can be fairly inferred from Vera Chairez's submission of a Form I-192. While the parties appear to dispute what provisions of 8 U.S.C. § 1182(a) cause Vera Chairez to be inadmissible, there is no dispute he is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for having entered the United States without authorization.

[2]     The Amended Complaint does not indicate the result of the administrative appeal with the USCIS. The upshot of the appeal, however, is that Vera Chairez filed this lawsuit in response.

MEMORANDUM DECISION AND ORDER - 2

application for an inadmissibility waiver. (*Id.*, ¶ 83). During the pendency of the USCIS's reconsideration, the Court stayed the proceedings in this lawsuit. (Dkt. 11).

In May 2023, the USCIS reissued decisions on both of Vera Chairez's applications, again, denying his requests for a U-visa and inadmissibility waiver. (Dkt. 16, ¶ 84). The USCIS denied the application for an inadmissibility waiver on discretionary grounds and, consequently, denied the U-visa application because Vera Chairez is inadmissible to the United States. (*Id.*)

Following the reissuance of the USCIS's May 2023 decisions, the Court lifted the stay in this case. (Dkt. 15). Vera Chairez has amended his complaint to allege the USCIS's May 2023 denials of his U-visa and inadmissibility waiver applications were an abuse of discretion and violated 8 U.S.C. § 1182(d)(3) and (14), the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. (Dkt. 16, ¶ 164). In response, Defendants have moved to dismiss the Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim. (Dkt. 17).

## II.  LEGAL STANDARD

### A.     Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a court's subject-matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion can present either a facial or factual attack on jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack, the challenger asserts the allegations contained in a complaint are insufficient on their face to invoke jurisdiction. *Id.* When deciding a facial attack, the court assumes the plaintiff's allegations are true. *Id.* Conversely, in a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Importantly, when deciding a factual attack, "[the court] need not presume the truthfulness of the

plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Finally, no matter which

kind of Rule 12(b)(1) motion is presented, the party asserting jurisdiction bears the burden of proof.

*Kokkonen*, 511 U.S. at 377.

**B.     Rule 12(b)(6)**

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim on which relief can be

granted tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

2001). In assessing dismissal of claims under Rule 12(b)(6), the Court must "accept factual

allegations in the complaint as true and construe the pleadings in the light most favorable to the

nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

2008).

To survive a Rule 12(b)(6) motion, a plaintiff's allegations must provide enough factual

basis which, taken as true, state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007). A claim has facial plausibility when the plaintiff pleads factual content

allowing the court to draw a reasonable inference the defendant is liable for the alleged misconduct.

*Id.* The plausibility standard is not akin to a "probability requirement" and requires more than a

mere possibility a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and

plausibility of 'entitlement to relief.'" *Id.* at 557.

## III.  ANALYSIS

Vera Chairez's Amended Complaint requests the Court review the USCIS's denials of his

U-visa and inadmissibility waiver applications. Defendants argue § 242(a)(2)(B) of the

Immigration and Nationality Act (INA), 8 U.S.C. 1252(a)(2)(B), strips the Court of jurisdiction to

review the denial of an inadmissibility waiver. Defendants further argue that, because the Court

cannot review the denial of Vera Chairez's inadmissibility waiver application, the Amended

Complaint fails to state a claim for judicial review of the U-visa application due to Vera Chairez's inadmissibility. The Court agrees.

The Amended Complaint bases its request for judicial review on the Administrative Procedure Act. The APA generally provides a cause of action and a waiver of sovereign immunity to seek judicial review of final actions by federal agencies. *See* 5 U.S.C. §§ 702, 704. The APA's cause of action does not apply, however, when "statutes preclude judicial review" or "agency action is committed to agency discretion by law." *Id.* at § 701(a).

At issue in this case is one such jurisdiction-stripping provision. Section 242(a)(2)(B) of the INA provides:

> Denials of discretionary relief. Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> > (i) any judgment regarding the granting of relief under section 212(h), 212(i), 240A, 240B, or 245 [8 USCS § 1182(h), 1182(i), 1229b, 1229c, or 1255], or
> >
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). This provision "strips courts of jurisdiction to review" certain discretionary decisions by immigration authorities. *Patel v. Garland*, 596 U.S. 328, 336 (2022); *Vega v. U.S. Citizenship & Immigr. Servs.*, 65 F.4th 469, 471 (9th Cir. 2023) ("This jurisdiction-stripping bar precludes judicial review of certain discretionary decisions."). The statute represents "Congress' choice to provide reduced procedural protection for discretionary relief." *Patel*, 596 U.S. at 345.

Specifically, Defendants argue § 1252(a)(2)(B)(ii) strips the Court of jurisdiction in this case to review the USCIS's denial of Vera Chairez's application for a waiver of inadmissibility.

The Amended Complaint alleges Vera Chairez sought and was denied an inadmissibility waiver by the USCIS under 8 U.S.C. § 1182(d)(14). Defendants argue agency decisions under § 1182(d)(14) are discretionary, and as a result, § 1252(a)(2)(B)(ii) bars judicial review.

> Section 1182(d)(14) provides in relevant part:

> The Secretary of Homeland Security, in the Attorney General's *discretion*, may waive the application of subsection (a) (other than paragraph (3)(E)) in the case of a nonimmigrant described in section 101(a)(15)(U) [8 USCS § 1101(a)(15)(U)] of this title, if the Secretary of Homeland Security *considers it to be in the public or national interest to do so*.

(Emphasis added). In short, the statute permits the Secretary of Homeland Security—and by extension, the USCIS—to approve or deny applications for inadmissibility waivers made by U-visa applicants in its discretion if the USCIS "considers it to be" in the public or national interest. *Id.* There is no dispute decisions for inadmissibility waivers under § 1182(d)(14) qualify as a "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter . . ."[3] 8 U.S.C. § 1252(a)(2)(B)(ii). Thus, at issue is only whether decisions under § 1182(d)(14) are discretionary for purposes of § 1252(a)(2)(B).

The Court concludes such decisions are discretionary based on *Vega*, 65 F.4th 469. In *Vega*, the court addressed whether decisions by the USCIS under a different inadmissibility waiver provision of the INA were discretionary. *See id.* at 471-72. In that case, a U-visa applicant, Vega, applied for an inadmissibility waiver with the USCIS under 8 U.S.C. § 1182(d)(3)(A)(ii).[4] *Vega*, 65 F.4th at 470. "Section 1182(d)(3)(A)(ii) states that a noncitizen 'may be admitted into the

---

[3]      "'[T]his subchapter' refers to Title 8, Chapter 12, Subchapter II, of the United States Code, codified at 8 U.S.C. §§ 1151-1381 and titled 'Immigration.'" *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010). Therefore, section 1182(d)(14) falls under the relevant subchapter.

[4]      Like Vera Chairez, Vega also sought an inadmissibility waiver under § 1182(d)(14), but the Ninth Circuit never discussed whether agency decisions under § 1182(d)(14) were discretionary because Vega abandoned any argument the statute provided a basis for jurisdiction. *Vega*, 65 F.4th at 471 n.1.

MEMORANDUM DECISION AND ORDER - 6

United States temporarily as a nonimmigrant in the discretion of' USCIS.'" *Vega*, 65 F.4th at 471. The USCIS denied Vega's application for an inadmissibility waiver as a matter of discretion, and Vega filed suit in the district court, seeking judicial review of the USCIS's decision. *Id.* The district court dismissed the lawsuit, however, concluding § 1252(a)(2)(B)(ii) deprived it of subject-matter jurisdiction. *Vega*, 65 F.4th at 471.

On appeal, the Ninth Circuit affirmed the district court's dismissal, explaining "that § 1252(a)(2)(B)(ii) bars judicial review of discretionary determinations involving the agency's exercise of pure or unfettered discretion." *Vega*, 65 F.4th at 471 (internal quotations marks and citations omitted). The Ninth Circuit reasoned the plain language of § 1182(d)(3)(A)(ii) "invoke[s] the agency's discretion" and uses permissive language like "may" rather than obligatory language like "shall," suggesting the agency's decision is purely discretionary. *Vega*, 65 F.4th at 471. Moreover, the Ninth Circuit observed the lack of restrictive or qualifying language in § 1182(d)(3)(A)(ii) also indicated the statute granted the agency unfettered discretion in its decision-making. *Vega*, 65 F.4th at 471-72. The Ninth Circuit, therefore, held that "§ 1252(a)(2)(B)(ii) precludes judicial review of USCIS's denial of a waiver of inadmissibility under § 1182(d)(3)(A)(ii) because the latter statute commits the decision to the agency's sole discretion." *Vega*, 65 F.4th at 471.

Unlike § 1182(d)(3)(A)(ii), the Ninth Circuit has never addressed whether § 1252(a)(2)(B)(ii) bars judicial review of decisions under § 1182(d)(14). Nevertheless, the Court concludes the reasoning in *Vega* applies in equal measure to § 1182(d)(14). Like § 1182(d)(3)(A)(ii), the plain language of § 1182(d)(14) expressly indicates the agency's decision is based on its "discretion." The statute also uses permissive language—providing the USCIS "may" grant an inadmissibility waiver. Finally, the statute lacks any guideline restricting the

agency's decision-making. Although the USCIS's decision must "be in the public or national interest," this language is not restrictive because the agency has sole discretion to determine whether it "*considers it to be* in the public or national interest." 8 U.S.C. § 1182(d)(14) (emphasis added). Thus, whether a decision to grant an inadmissibility waiver is in the public or national interest is entirely subjective. Accordingly, the Court concludes § 1252(a)(2)(B)(ii) precludes judicial review of the USCIS's denial of an inadmissibility waiver under § 1182(d)(14) because the latter statute commits the decision to the USCIS's sole discretion.

Vera Chairez's arguments to the contrary are unavailing. Vera Chairez argues § 1252(a)(2)(B)(ii) does not strip the Court of subject-matter jurisdiction because he has alleged colorable constitutional and legal claims. Vera Chairez contends constitutional and legal claims are excluded from § 1252(a)(2)(B)(ii)'s jurisdictional bar for two reasons. First, Vera Chairez argues § 1252(a)(2)(D) permits judicial review of his constitutional and legal claims, notwithstanding § 1252(a)(2)(B)(ii). The Court disagrees. Section 1252(a)(2)(D) is inapplicable here. The plain language of § 1252(a)(2)(D) indicates it only applies to (1) "petition[s] for review" of removal actions that are (2) filed with "courts of appeals." *See also Gutierrez v. United States*, 857 F. App'x 944, 945 (9th Cir. 2021) ("Although [§ 1252(a)(2)(D)] confers jurisdiction to 'an appropriate court of appeals' to review 'constitutional claims or questions of law,' it is inapplicable because [p]laintiffs brought their claims before a district court . . . ."). Neither requirement is satisfied here.

Second, Vera Chairez argues constitutional and legal claims survive § 1252(a)(2)(B)(ii)'s jurisdictional bar because such claims challenge agency decisions on non-discretionary grounds. (Dkt. 21 at 28) (citing *Wong v. U.S. Immigr. & Naturalization Serv.*, 373 F.3d 952 (9th Cir. 2004) ("[D]ecisions that violate the Constitution cannot be 'discretionary,' so claims of constitutional

violations are not barred by § 1252(a)(2)(B).”); *Mamigonian v. Biggs*, 710 F.3d 936, 945 (9th Cir. 2013) (“[D]istrict courts have jurisdiction to hear cases challenging final agency determinations respecting eligibility for the immigration benefits enumerated in 8 U.S.C. § 1252(a)(2)(B)(i) made on nondiscretionary grounds.”)).

This argument is also meritless. First, a close reading of *Vega* indicates legal claims do not escape § 1252(a)(2)(B)(ii)’s jurisdictional bar. Indeed, in *Vega*, the visa applicant sought judicial review of the USCIS’s decision for a purely legal reason, arguing the agency applied the wrong legal standard in adjudicating his application for an inadmissibility waiver under § 1182(d)(3)(A)(ii). *Vega*, 65 F.4th at 471. But despite challenging the USCIS’s decision on nondiscretionary grounds, the Ninth Circuit nevertheless held § 1252(a)(2)(B)(ii) precluded judicial review. *Vega*, 65 F.4th at 471. Thus, to the extent Vera Chairez alleges legal claims against the USCIS here, the Court concludes § 1252(a)(2)(B)(ii) precludes judicial review.

The Court also doubts whether constitutional challenges to USCIS decisions are reviewable outside removal proceedings. As an initial point, the cases relied on by Vera Chairez, *Wong* and *Mamigonian*, may no longer be good law because of the Supreme Court’s recent decision in *Patel*. Both *Wong* and *Mamigonian* predate *Patel* and suggest district courts have subject-matter jurisdiction to entertain nondiscretionary challenges to agency action under the INA. *See Wong*, 373 F.3d at 963; *Mamigonian*, 710 F.3d at 945. The Supreme Court in *Patel*, however, suggested—without holding—that Congress may have intended to make discretionary decisions completely unreviewable outside the context of removal proceedings—even from constitutional and legal challenges. 596 U.S. at 345-46. As such, the Court is doubtful, as a legal matter, that constitutional challenges to agency decisions under § 1182(d)(14) escape § 1252(a)(2)(B)’s jurisdictional bar.

MEMORANDUM DECISION AND ORDER - 9

Assuming, however, that § 1252(a)(2)(B)(ii) does not preclude constitutional claims against agency decisions under § 1182(d)(14), Vera Chairez has not alleged a colorable constitutional claim. Vera Chairez argues the USCIS's decisions violate procedural due process because the USCIS is biased against Vera Chairez and has treated his applications differently than other similarly situated applicants. The Amended Complaint alleges the USCIS is biased because of its comments regarding Vera Chairez's 2015 conviction (Dkt. 16, ¶¶ 134-138), its abnormal procedure for handling his applications (*id.*, ¶¶ 148-150), and the fact similar applicants received inadmissibility waivers (*id.*, ¶¶ 151-152). Vera Chairez also suggests the USCIS's May 2023 decisions were tainted by bias because the USCIS felt compelled to affirm its earlier decisions. (Dkt. 21 at 46).

These allegations fail to state a procedural due process claim. To do so, a plaintiff must allege the deprivation of a constitutionally protected liberty or property interest. *See Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013). An individual cannot have a constitutionally protected interest in a benefit, however, if "government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Additionally, to state a claim that an agency decisionmaker is biased, a plaintiff must plead facts that plausibly allege, at a minimum, "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Chen v. Albany Unified Sch. Dist.*, 56 F.4th 708, 726 (9th Cir. 2022) (internal quotation marks and citation omitted).

Here, because the USCIS was entitled to grant or deny Vera Chairez's application for an inadmissibility waiver under § 1182(d)(14) in its complete discretion, Vera Chairez had no procedural due process interest at stake. Moreover, Vera Chairez's accusation that the USCIS is biased against him is nothing more than speculation. The factual allegations do not plausibly allege

the probability of actual bias by the USCIS. Even if the USCIS initially erred in its procedure for handling Vera Chairez's applications and even if similar applicants to Vera Chairez received inadmissibility waivers, it does not follow that the USCIS is biased. The Court will also not infer bias from the possibility the USCIS felt pressure to affirm its earlier decision. *See Withrow v. Larkin*, 421 U.S. 35, 49 (1975) (citation omitted) ("We find no warrant for imposing upon administrative agencies a stiffer rule, whereby examiners would be disentitled to sit because they ruled strongly against a party in the first hearing."). What Vera Chairez considers to be a procedural due process claim is really a thinly veiled abuse of discretion argument. Vera Chairez, however, may not "circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of recharacterizing an alleged abuse of discretion as a 'due process' violation." *Torres-Aguilar v. Immigr. & Naturalization Serv.*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Vera Chairez's remaining arguments are also unpersuasive.[5] Most notably, Vera Chairez argues that, in the event the Court decides § 1252(a)(2)(B)(ii) does bar judicial review, it is unconstitutional as applied to his case. Vera Chairez explains that not providing judicial review in this case would result in the USCIS's decision being unreviewable. For this reason, Vera Chairez suggests it is unlikely Congress intended to foreclose review of such decisions. The Court disagrees. The plaintiff in *Patel* raised a similar argument, arguing that interpreting the jurisdictional bar under § 1252(a)(2)(B) too broadly would "have the unintended consequence of

---

[5]     Vera Chairez has also argued the motion to dismiss should be denied because Defendants did not specify whether their Rule 12(b)(1) motion was a facial or factual attack and because Defendants failed to file the administrative record. (Dkt. 21 at 3-6). Because Defendants did not rely on facts outside the Amended Complaint, it is apparent their 12(b)(1) motion was a facial attack to jurisdiction. *See Wolfe*, 392 F.3d at 362. Further, no authority supports that Defendants were required to provide the full administrative record at this point or that the Court is under any obligation to review the full record at the motion to dismiss stage.

MEMORANDUM DECISION AND ORDER - 11

precluding all review of USCIS denials of discretionary relief." *Patel*, 596 U.S. at 345. But as already explained, the Supreme Court dismissed this argument, reasoning Congress may have intended to "close that door." *Id.* "[F]oreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." *Id.* at 346. Thus, the fact the USCIS's decision in this case is not reviewable does not make it unconstitutional.

In sum, the Court concludes § 1252(a)(2)(B)(ii) precludes judicial review of the USCIS's denial of Vera Chairez's application for inadmissibility waiver under § 1182(d)(14). Because the Court lacks jurisdiction to review Vera Chairez's inadmissibility, he is ineligible to obtain a visa, and the Amended Complaint fails to a state a claim for relief to the extent it requests review of the agency's denial of his U-visa application. Accordingly, the Court will grant Defendants' motion to dismiss the Amended Complaint.

## IV.  ORDER

**IT IS ORDERED that:**

1.    The Motion to Dismiss (Dkt. 17) is **GRANTED**. Plaintiff's Amended Complaint (Dkt. 16) is dismissed with prejudice.

DATED: May 14, 2024

Amanda K. Brailsford
U.S. District Court Judge